### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| HANI A. HAMAD,<br>on behalf of plaintiff and the classes<br>described herein,<br><br>Plaintiff,<br><br>vs.<br><br>PINNACLE CREDIT SERVICES,<br>LLC and<br>DATA SEARCH N.Y., INC.<br>d/b/a TRAK AMERICA, LLC<br>and TRAK AMERICA,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

FILED: APRIL 17,2008
08CV 2188 NF
JUDGE KOCORAS
MAGISTRATE JUDGE BROWN

### COMPLAINT – CLASS ACTION

### INTRODUCTION

1.    Plaintiff Hani A. Hamad brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Pinnacle Credit Services, LLC ("Pinnacle") and Data Search N.Y., Inc. d/b/a Trak America, LLC and Trak America ("Trak America"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

2.    This case should be considered related to the following cases, over which Judge Guzman presides, because of common issues of fact and law:

- *Sylverne v. Data Search N.Y., Inc.*, 08 c 31

- *Brewer v. Arrow Financial Services, L.L.C., et al.*, 08 C 895

- *Bradley v. Data Search N.Y., Inc., et al.*, 08 C 1010

- *Pecaro, et al. v. Data Search N.Y., Inc., et al.*, 08 C 1088

- *Cahilig v. Data Search N.Y., Inc., et al.*, 08 C 1339

- *Machalleck, et al. v. Data Search N.Y., Inc., et al.*, 08 C 1340

## VENUE AND JURISDICTION

3.    This Court has jurisdiction under 15 U.S.C. § 1692k (FDCPA), 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

4.    Venue and personal jurisdiction in this District are proper because:

   a.    Defendants' collection communications were received by plaintiff within this District;

   b.    Defendants do or transact business within this District.

## PARTIES

5.    Plaintiff Hani A. Hamad is an individual who resides in the Northern District of Illinois.

6.    Defendant Pinnacle is a limited liability company with offices at 7900 Highway 7, Suite 100, St. Louis Park, MN 55426-4049.

7.    Defendant Pinnacle Credit Services LLC is engaged in the business of purchasing alleged charged-off consumer debts and attempting to collect them from the consumers.

8.    On information and belief, defendant Pinnacle Credit Services LLC

pays less than ten cents on the dollar for the debts it purchases.

9.     Defendant Pinnacle Credit Services LLC uses the mails and interstate wire communications to collect debts.

10.     Pinnacle has been the plaintiff in more than 100 collection actions filed in the Illinois courts.

11.     Defendant Pinnacle Credit Services LLC is a debt collector as defined in the FDCPA.

12.     Defendant Data Search N.Y., Inc. d/b/a Trak America, LLC or Trak America ("Trak America") is a New York corporation.  Its principal place of business is located at 6851 Jericho Turnpike, Suite 190, Syosset, NY 11791.

13.     Trak America described its business activities on its web site (www.trakamerica.com) as follows:

> Welcome to the proven nationwide legal process that has recovered millions of dollars thought to be unrecoverable for the country's largest creditors and debt buyers.
>
> Step 1: Our FASTRAK predictive model determines with unparalleled accuracy exactly which accounts are worth pursuing.
>
> Step 2: Secure, streamlined and automated processes transmit suit worthy accounts to the right attorney quickly and efficiently.
>
> Step 3: The TRAKAmerica legal network—the best in the business—obtains your legally enforceable judgments.
>
> Step 4: Our in-house skip tracing experts facilitate execution on your judgments by identifying hard-to-find assets and collecting the money owed to you.
>
> Result: **Maximum net back for TRAKAmerica clients.**
>
> "TRAKAmerica recovered more than $27 million last quarter on

3

warehouse paper we thought was uncollectible."

— Publicly traded US credit card issuer

14.    The same web site further stated:

TRAKAmerica is a rapidly growing legal network management company founded in 2000. With its unique approach, the company has been able to recover millions of dollars previously believed to be unrecoverable for some of the most astute lenders in the world. The company's success is built on a nationwide network of local attorneys combined with a rigorous analytic approach to managing thousands of accounts.

TRAKAmerica's unique advantage is the FASTRAK predictive model built on empirical data from more than one million claims and nearly $100 million in court costs in all fifty states. Combining FASTRAK with vigorous attorney management maximizes net back for TRAKAmerica's clients.

15.    The same web site further stated:

Disciplined Attorney Management

To keep our attorneys as productive as possible TRAKAmerica takes a hands-on approach. With over 125 firms nationwide in our network, TRAKAmerica treats legal management as a high volume production operation. We follow a streamlined management process to get your accounts into the courts faster.

From our database of more than a million claims we know exactly what to expect in terms of suit and judgment rates, and we manage our attorneys to these expectations. Overall performance is managed at the batch level and reviewed weekly. Work assignments are reviewed frequently and business shifts are made based on performance.

Because FASTRAK indicates which accounts to sue, we only forward productive accounts to our attorneys, with the cut-off calibrated by client to achieve individual client IRR and net back goals. As a result, our attorneys don't waste their time and your money on unproductive cases.

16.    The same web site further stated:

Step 2: Getting To Court Quickly and Efficiently

Once we've run your portfolio through our model and reviewed the net back

4

projections, our TRAKAmerica team designs a complete recovery plan based on your requirements.

First, we prepare your portfolio for our attorney network by identifying suit worthy accounts and skip tracing them for accuracy (addresses, names etc.). As we verify information, we also attempt to collect from these accounts on your behalf.

As a legal network, we can use legal talk off language in these conversations, which often means debtors agree to a payment plan rather than face the legal process.

This immediately creates cash flow for you and also helps fund court costs on accounts that ultimately will go through the legal process.

Step 3: The TRAKAmerica Legal Network

On day 31, we electronically disburse your files to our network attorneys. They load your files into their systems and instantly send demand letters.

After the 30-day validation period expires, our attorneys sue those individuals who have not responded to their demand letters. Results are electronically posted and delivered to our offices each week.

It's an entirely transparent system for full accountability. Each week, our management team examines exception reports that reflect which accounts are still outstanding. The report includes:

legal suit dates

service dates

court information

judgment information (principle [sic] and interest)

court costs

attorney fees

Our clients have the option of connecting electronically to our reporting system so they can check on the status of their portfolio at any time.

5

Our collection firms also follow our no-fail data security measures, including firewall intrusion detection software, encryption, and stringent internal security control systems.

Step 4: Collecting and Disbursing Your Money

At this stage, our TRAKAmerica team has obtained judgments on your bad debt accounts. We dedicate our efforts and resources—including in-house skip tracing and asset location programs—to collecting the money owed to you.

Skip and asset information is promptly supplied to our attorneys so they can devote their time to collecting from bank accounts, garnishing paychecks, and placing liens on properties.

We are no longer requesting money from debtors—we are actively taking it. . . .

17.    The mails and interstate wire communications are used to conduct the business of Trak America.

18.    Trak America is a debt collector as defined in the FDCPA.

19.    Defendant Pinnacle Credit Services LLC is one of the companies that use the services of Trak America, described above.

## FACTS RELATING TO HANI A. HAMAD

20.    On or about September 12, 2007, a lawsuit entitled "Pinnacle Credit Services v. Hani A. Hamad" was filed in the Circuit Court of Cook County, Illinois, case no. 07 M1 190568,  for the purpose of collecting a purported debt incurred for personal, family or household purposes.

21.    Attached to the complaint was an affidavit executed by one Jessica Nelson and notarized by one Cathy Ferguson (Exhibit A).

22.    Exhibit A is a form affidavit regularly filed in collection actions brought in Illinois.

6

23.    Both Jessica Nelson and Cathy Ferguson were employees of Trak America when  Exhibit A was executed.

24.    Neither Jessica Nelson nor Cathy Ferguson was an employee of Pinnacle.

25.    Employees of Trak America regularly executed affidavits similar to Exhibit A as "agent" of various owners of debts.

26.    Contrary to the statements in the affidavit, employees of Trak America cannot "testify at trial as to all facts pertaining to this matter," as they have no personal knowledge.

27.    Exhibit A does not disclose the fact that the signatory is an employee of Trak America.

28.    By describing the affiant as an "agent" of the putative debt owner, without identification of the company for which the affiant works, Exhibit A conceals the identity of the business preparing the document, Trak America, and appears to come from "Pinnacle."

29.    The mails and interstate wire communications are used to send affidavits in the form represented by Exhibit A.

## VIOLATIONS COMPLAINED OF

30.    The FDCPA, 15 U.S.C. § 1692e, states:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

**(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization. . . .**

31.    Contrary to the statements in the affidavit, employees of Trak America are not able to "testify at trial as to all facts pertaining to this matter," as they have no personal knowledge of accounts of Pinnacle Credit Services LLC or anyone else.

32.    The statement in Exhibit A that the affiant can testify at trial is false and violate 15 U.S.C. § 1692e.

33.    Exhibit A does not disclose the fact that the signatory is an employee of Trak America.

34.    By describing the affiant as an "agent" of Pinnacle, without identification of the company for which the affiant works, Exhibit A conceals the identity of the business preparing the document, Trak America, and amounts to the use by Trak America of a business, company, or organization name ("Pinnacle") other than the true name of the debt collector's business, company, or organization.

35.    By filing Exhibit A in its lawsuit, Pinnacle Credit Services LLC participated in the fraudulent practices and violated 15 U.S.C. § 1692e.

## CLASS ALLEGATIONS

36.    Plaintiff brings this action on behalf of a class against Pinnacle, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

37.    The class consists of (a) all individuals (b) against whom legal proceedings were filed in Illinois, (b) by Pinnacle Credit Services LLC, (c) in which was filed (d) on or after a date one year prior to the filing of this action, and on or before a date 20 days after the filing of

this action, (d) an affidavit executed by a person who is an employee of a company other than

Pinnacle Credit Services LLC, (e) stating that the affiant is an "agent" of Pinnacle Credit Services

LLC,  (f) which did not in its text identify the company employing the affiant.

38.    The class is so numerous that joinder of all members is not practicable.

39.    On information and belief, there are at least 40 individuals against whom

legal proceedings were filed, by Pinnacle Credit Services LLC, in which was filed on or after a

date one year prior to the filing of this action, and on or before a date 20 days after the filing of

this action, an affidavit executed by a person who is an employee of a company other than

Pinnacle Credit Services LLC, stating that the affiant is an "agent" of Pinnacle Credit Services

LLC,  which did not in its text identify the company employing the affiant.

40.    There are questions of law and fact common to the class members, which

common questions predominate over any questions relating to individual class members.  The

predominant common question is whether Exhibit A violates the FDCPA.

41.    Plaintiff's claim is typical of the claims of the class members.  All are

based on the same factual and legal theories.

42.    Plaintiff will fairly and adequately represent the class members.  Plaintiff

has retained counsel experienced in class actions and FDCPA litigation.

43.    A class action is superior for the fair and efficient adjudication of this

matter, in that:

    a.    Individual actions are not economically feasible.

    b.    The entire objective of the debt collection practice at issue is

        concealment and deception, so that the victims are unlikely to

recognize the violation;

    c.      Members of the class are likely to be unaware of their rights;

    d.      Congress intended class actions to be the principal enforcement

mechanism under the FDCPA.

        WHEREFORE, the Court should enter judgment in favor of the plaintiff

individually against Trak America and in favor of the plaintiff and the class against Pinnacle for:

    (1)    Statutory damages;

    (2)    Attorney's fees, litigation expenses and costs of suit;

    (3)    Such other and further relief as the Court deems proper.


               s/Daniel A. Edelman
               Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
     & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.


s/Daniel A. Edelman
Daniel A. Edelman

## <u>NOTICE OF LIEN</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

<u>s/Daniel A. Edelman</u>
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)


T:\21138\Pleading\Complaint_Pleading.wpd

**EXHIBIT A**

PINNACLE CREDIT SERVICES LLC
                    Plaintiff

vs.

HANI A HAMAD
                    Defendant

5440455001964835

## AFFIDAVIT

I, Jessica Nelson _____, being first duly sworn upon oath depose and state as follows:

1. That I am the agent in the above captioned matter and I am authorized and qualified to make this Affidavit in support for the judgment against the above named Defendant;

2. That Plaintiff is the purchaser or assignee of the Defendant's account from the original creditor, Household;

3. That Plaintiff maintains, in the regular course of business, computer records on which entries are made by a person with knowledge of the information therein and/or information transmitted from a person with such knowledge;

4. That after allowing for all offsets and credits, there remains a balance due on this account in the amount of $1,488.48.

5. That if called upon affiant can testify at trial as to all facts pertaining to this matter.

FURTHER AFFIANT SAYETH NOT.

Subscribed and sworn to before me
this 1( day of July , 2007

NOTARY PUBLIC

07-15045-0
3850-01
H151429