**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

HANI A. HAMAD,                  )
on behalf of plaintiff and the classes   )    Filed:
described herein,                    )
                                )    Case No.: 08 CV 2188 NF
                   Plaintiff,   )
                                )    Judge Kocoras
            vs.             )    Magistrate Judge Brown
                                )
PINNACLE CREDIT SERVICES,    )
    LLC and                       )
DATA SEARCH N.Y., INC.        )
    d/b/a TRAK AMERICA, LLC    )
    and TRAK AMERICA,        )
                                )
               Defendants.   )

**PINNACLE CREDIT SERVICES, LLC'S ANSWER
TO PLAINTIFF HANI A HAMAD'S CLASS ACTION COMPLAINT**

    Defendant, PINNACLE CREDIT SERVICES, LLC ("Pinnacle"), by and through its

undersigned counsel of record, for its Answer to Plaintiff HANI A. HAMAD'S Complaint,

states as follows:

**INTRODUCTION**

    1.    Plaintiff Hani A. Hamad brings this action to secure redress from unlawful
credit and collection practices engaged in by defendants Pinnacle Credit Services, LLC ("Pinnacle")
and Data Search N.Y., Inc. d/b/a Trak America, I,I,C and Trak America ("Trak America"). Plaintiff
alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et
seq. ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods;
conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading
statements, in connection with the collection of a debt; it also requires debt collectors to give
debtors certain information. 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

    **ANSWER:**    Pinnacle admits that Plaintiff's Complaint purports to bring an action to

secure redress from purportedly unlawful credit and collection practices engaged in by

defendants.  Further answering, Pinnacle admits that Plaintiff's Complaint purports to allege a

violation of the FDCPA.  Further answering, Paragraph 1 of Plaintiff's Complaint states legal conclusions to which no response from Pinnacle is required.  To the extent a response is required, Pinnacle denies these allegations.

2.     This case should be considered related to the following cases, over which Judge Guzman presides, because of common issues of fact and law:

·     *Sylverne v. Data Search N Y, Inc.,* 08 c 31

·     *Brewer v. Arrow Financial Services, L.L.C., et al.,* 08 C 895

·     *Bradley v. Data Search N. Y, Inc., et al.,* 08 C 1010

·     *Pecaro, et al, v. Data Search N. Y, Inc., et al.,* 08 C 1088

·     *Cahilig v. Data Search N.Y., Inc., et al.,* 08 C 1339

·     *Machalleck, et al. v. Data Search NY, Inc., et al.,* 08 C 1340

**ANSWER:**     Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 2 of Plaintiff's Complaint and, therefore, denies the same.

## VENUE AND JURISDICTION

3.     This Court has jurisdiction under 15 U.S.C. § 1692k (FDCPA), 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

**ANSWER:**     Pinnacle denies the allegations set forth in Paragraph 3 of Plaintiff's Complaint.

4.     Venue and personal jurisdiction in this District are proper because:

a.     Defendants' collection communications were received by plaintiff within this District;

b.     Defendants do or transact business within this District.

**ANSWER:**     Pinnacle denies the allegations set forth in Paragraph 4 of Plaintiff's Complaint as they relate to Pinnacle.  Answering further, Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 4 of Plaintiff's Complaint as

they relate to Trak America and, therefore, denies the same.

## PARTIES

5.      Plaintiff Hani A. Hamad is an individual who resides in the Northern District of Illinois.

**ANSWER:**    Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 5 of Plaintiff's Complaint and, therefore, denies the same.

6.      Defendant Pinnacle is a limited liability company with offices at 7900 Highway 7, Suite 100, St. Louis Park, MN 55426-4049.

**ANSWER:**    Pinnacle admits the allegations set forth in Paragraph 6 of Plaintiff's Complaint.

7.      Defendant Pinnacle Credit Services LLC is engaged in the business of purchasing alleged charged-off consumer debts and attempting to collect them from the consumers.

**ANSWER:**    Pinnacle admits that it purchases alleged charged-off consumer debts and places these accounts with collectors.  Pinnacle denies that it collects debts from consumers.

8.      On information and belief, defendant Pinnacle Credit Services LLC pays less than ten cents on the dollar for the debts it purchases.

**ANSWER:**    Pinnacle denies the allegations set forth in Paragraph 8 of Plaintiff's Complaint.   Answering further, Pinnacle states that depending on the particular debt, on occasion, it pays less than ten cents on the dollar for the debts it purchases.

9.      Defendant Pinnacle Credit Services LLC uses the mails and interstate wire communications to collect debts.

**ANSWER:**    Pinnacle denies the allegations set forth in Paragraph 9 of Plaintiff's Complaint.

10.     Pinnacle has been the plaintiff in more than 100 collection actions filed in the Illinois courts.

**ANSWER:**    Pinnacle lacks sufficient information to form a belief about the truth of the

allegations set forth in Paragraph 10 of Plaintiff's Complaint and, therefore, denies the same.

11.    Defendant Pinnacle Credit Services LLC is a debt collector as defined in the FDCPA.

**ANSWER:**    Paragraph 11 of Plaintiff's Complaint states legal conclusions to which no response from Pinnacle is required.  To the extent a response is required, Pinnacle denies these allegations.

12.    Defendant Data Search N.Y., Inc. d/b/a Trak America, LLC or Trak America ("Trak America") is a New York corporation. Its principal place of business is located at 6851 Jericho Turnpike, Suite 190, Syosset, NY 11791.

**ANSWER:**    Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 12 of Plaintiff's Complaint and, therefore, denies the same.

13.    Trak America described its business activities on its web site (www.trakamerica.com) as follows:

> Welcome to the proven nationwide legal process that has recovered millions of dollars thought to be unrecoverable for the country's largest creditors and debt buyers.
>
> Step 1:  Our FASTRAK predictive model determines with unparalleled accuracy exactly which accounts are worth pursuing.
>
> Step 2:  Secure, streamlined and automated processes transmit suit worthy accounts to the right attorney quickly and efficiently.
>
> Step 3:  The TRAKAmerica legal network—the best in the business—obtains your legally enforceable judgments.
>
> Step 4:  Our in-house skip tracing experts facilitate execution on your judgments by identifying hard-to-find assets and collecting the money owed to you.
>
> Result:  **Maximum net back for TRAKAmerica clients.**
>
> > "TRAKAmerica recovered more than $27 million last quarter on warehouse paper we thought was uncollectible."
> >
> > — Publicly traded US credit card issuer

**ANSWER:**    Pinnacle admits that Plaintiff's Complaint purports to cite an out-of-context portion of the website http://www.trakamerica.com.  Further answering, Pinnacle states

that the website speaks for itself and denies any characterization set forth in Paragraph 13 of

Plaintiff's Complaint that misstates or mischaracterizes the language of the website.

14.    The same web site further stated:

TRAKAmerica is a rapidly growing legal network management company founded in 2000. With its unique approach, the company has been able to recover millions of dollars previously believed to be unrecoverable for some of the most astute lenders in the world. The company's success is built on a nationwide network of local attorneys combined with a rigorous analytic approach to managing thousands of accounts.

TRAKAmerica's unique advantage is the FASTRAK predictive model built on empirical data from more than one million claims and nearly $100 million in court costs in all fifty states. Combining FASTRAK with vigorous attorney management maximizes net back for TRAKAmerica's clients.

**ANSWER:**    Pinnacle admits that Plaintiff's Complaint purports to cite an out-of-

context portion of the website http://www.trakamerica.com.  Further answering, Pinnacle states

that the website speaks for itself and denies any characterization set forth in Paragraph 14 of

Plaintiff's Complaint that misstates or mischaracterizes the language of the website.

15.    The same web site further stated:

Disciplined Attorney Management

To keep our attorneys as productive as possible TRAKAmerica takes a hands-on approach. With over 125 firms nationwide in our network, TRAKAmerica treats legal management as a high volume production operation. We follow a streamlined management process to get your accounts into the courts faster.

From our database of more than a million claims we know exactly what to expect in terms of suit and judgment rates, and we manage our attorneys to these expectations. Overall performance is managed at the batch level and reviewed weekly. Work assignments are reviewed frequently and business shifts are made based on performance.

Because FASTRAK indicates which accounts to sue, we only forward productive accounts to our attorneys, with the cut-off calibrated by client to achieve individual client IRR and net back goals. As a result, our attorneys don't waste their time and your money on unproductive cases.

**ANSWER:**    Pinnacle admits that Plaintiff's Complaint purports to cite an out-of-

context portion of the website http://www.trakamerica.com.  Further answering, Pinnacle states that the website speaks for itself and denies any characterization set forth in Paragraph 15 of Plaintiff's Complaint that misstates or mischaracterizes the language of the website.

16.    The same web site further stated:

Step 2:  Getting To Court Quickly and Efficiently

Once we've run your portfolio through out model and reviewed the net back projections, our TRAKAmerica team designs a complete recovery plan based on your requirements.

First, we prepare your portfolio for our attorney network by identifying suit worthy accounts and skip tracing them for accuracy (addresses, names etc.). As we verify information, we also attempt to collect from these accounts on your behalf.

As a legal network, we can use legal talk off language in these conversations, which often means debtors agree to a payment plan rather than face the legal process.

This immediately creates cash flow for you and also helps fund court costs on accounts that ultimately will go through the legal process.

Step 3:  The TRAKAmerica Legal Network

On day 31, we electronically disburse your files to our network attorneys. They load your files into their systems and instantly send demand letters.

After the 30-day validation period expires, our attorneys sue those individuals who have not responded to their demand letters.  Results are electronically posted and delivered to our offices each week.

It's an entirely transparent system for full accountability. Each week, our management team examines exception reports that reflect which accounts are still outstanding. The report includes:

      legal suit dates

      service dates

      court information

      judgment information (principle [sic] and interest)

      court costs

attorney fees

Our clients have the option of connecting electronically to our reporting system so they can check on the status of their portfolio at any time.

Our collection firms also follow our no-fail data security measures, including firewall intrusion detection software, encryption, and stringent internal security control systems.

Step 4: Collecting and Disbursing Your Money

At this stage, our TRAKAmerica team has obtained judgments on your bad debt accounts. We dedicate our efforts and resources—including in-house skip tracing and asset location programs—to collecting the money owed to you.

Skip and asset information is promptly supplied to our attorneys so they can devote their time to collecting from bank accounts, garnishing paychecks, and placing liens on properties.

We are no longer requesting money from debtors—we are actively taking it. . . .

**ANSWER:**    Pinnacle admits that Plaintiff's Complaint purports to cite an out-of-context portion of the website http://www.trakamerica.com. Further answering, Pinnacle states that the website speaks for itself and denies any characterization set forth in Paragraph 16 of Plaintiff's Complaint that misstates or mischaracterizes the language of the website.

17.    The mails and interstate wire communications are used to conduct the business of Trak America.

**ANSWER:**    Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 17 of Plaintiff's Complaint and, therefore, denies the same.

18.    Trak America is a debt collector as defined in the FDCPA.

**ANSWER:**    Paragraph 18 of Plaintiff's Complaint states legal conclusions to which no response from Pinnacle is required. To the extent a response is required, Pinnacle denies these allegations.

19.    Defendant Pinnacle Credit Services LLC is one of the companies that use the services of Trak America, described above.

**ANSWER:**    Pinnacle admits that it uses the services of Trak America.

## FACTS RELATING TO HANI A. HAMAD

20.    On or about September 12, 2007, a lawsuit entitled "Pinnacle Credit Services v. Hani A. Hamad" was filed in the Circuit Court of Cook County, Illinois, case no. 07 Ml 190568, for the purpose of collecting a purported debt incurred for personal, family or household purposes.

**ANSWER:**    Pinnacle admits that, on September 12, 2007, a lawsuit entitled "*Pinnacle Credit Services v. Hani A. Hamad*" was filed in the Circuit Court of Cook County, Illinois, case no. 07 M1 190568" to collect a debt owed through the use of a charge card and/or line of credit.

21.    Attached to the complaint was an affidavit executed by one Jessica Nelson and notarized by one Cathy Ferguson (Exhibit A).

**ANSWER:**    Pinnacle admits the allegations set forth in Paragraph 21 of Plaintiff's Complaint.

22.    Exhibit A is a form affidavit regularly filed in collection actions brought in Illinois.

**ANSWER:**    Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 22 of Plaintiff's Complaint and, therefore, denies the same.

23.    Both Jessica Nelson and Cathy Ferguson were employees of Trak America when Exhibit A was executed.

**ANSWER:**    Pinnacle admits that Jessica Nelson was an employee of Trak America when Exhibit A was executed.  Answering further, Pinnacle lacks sufficient information to form a belief about the truth of whether Cathy Ferguson was an employee of Trak America when Exhibit A was executed, and, therefore denies the same.

24.    Neither Jessica Nelson nor Cathy Ferguson was an employee of Pinnacle.

**ANSWER:**    Pinnacle admits the allegations set forth in Paragraph 24 of Plaintiff's Complaint.

25.    Employees of Trak America regularly executed affidavits similar to Exhibit A as "agent" of various owners of debts.

**ANSWER:**    Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 25 of Plaintiff's Complaint and, therefore, denies the same.

26.    Contrary to the statements in the affidavit, employees of Trak America cannot "testify at trial as to all facts pertaining to this matter," as they have no personal knowledge.

**ANSWER:**    Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 26 of Plaintiff's Complaint and, therefore, denies the same.

27.    Exhibit A does not disclose the fact that the signatory is an employee of Trak America.

**ANSWER:**    Pinnacle states that Exhibit A speaks for itself.  Further answering, Pinnacle denies any implication in Paragraph 27 of Plaintiff's Complaint that Exhibit A is required to disclose the signatory is an employee of Trak America.

28.    By describing the affiant as an "agent" of the putative debt owner, without identification of the company for which the affiant works, Exhibit A conceals the identity of the business preparing the document, Trak America, and appears to come from "Pinnacle."

**ANSWER:**    Pinnacle denies the allegations set forth in Paragraph 28 of Plaintiff's Complaint.

29.    The mails and interstate wire communications are used to send affidavits in the form represented by Exhibit A.

**ANSWER:**    Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 29 of Plaintiff's Complaint and, therefore, denies the same.

## VIOLATION COMPLAINED OF

30.    The FDCPA, 15 U.S.C. § 1692e, states:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . .**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

**(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization. . . .**

**ANSWER:**     Pinnacle admits that Plaintiff's Complaint purports to cite a section of the FDCPA.  Further answering, Pinnacle states that the FDCPA speaks for itself and denies any characterization set forth in Paragraph 30 of Plaintiff's Complaint that misstates or mischaracterizes the language of the FDCPA.  Further answering, Pinnacle denies violating the FDCPA.

31.     Contrary to the statements in the affidavit, employees of Trak America are not able to "testify at trial as to all facts pertaining to this matter," as they have no personal knowledge of accounts of Pinnacle Credit Services LLC or anyone else.

**ANSWER:**     Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 31 of Plaintiff's Complaint and, therefore, denies the same.

32.     The statement in Exhibit A that the affiant can testify at trial is false and violate 15 U.S.C. § 1692e.

**ANSWER:**     Pinnacle denies the allegations set forth in Paragraph 32 of Plaintiff's Complaint.

33.     Exhibit A does not disclose the fact that the signatory is an employee of Trak America.

**ANSWER:**     Pinnacle states that Exhibit A speaks for itself.  Further answering, Pinnacle denies any implication in Paragraph 33 of Plaintiff's Complaint that Exhibit A is required to disclose the signatory is an employee of Trak America.

34.     By describing the affiant as an "agent" of Pinnacle, without identification of the company for which the affiant works, Exhibit A conceals the identity of the business preparing the document, Trak America, and amounts to the use by Trak America of a business, company, or

organization name ("Pinnacle") other than the true name of the debt collector's business, company, or organization.

**ANSWER:**    Pinnacle denies the allegations set forth in Paragraph 34 of Plaintiff's Complaint.

35.    By filing Exhibit A in its lawsuit, Pinnacle Credit Services LLC participated in the fraudulent practices and violated 15 U.S.C. § 1692e.

**ANSWER:**    Pinnacle denies the allegations set forth in Paragraph 35 of Plaintiff's Complaint.

## CLASS ALLEGATIONS

36.    Plaintiff brings this action on behalf of a class against Pinnacle, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

**ANSWER:**    Pinnacle admits that Plaintiffs have sued on behalf of a purported class, but to the extent the allegations in Paragraph 36 may be construed as alleging that Plaintiffs are entitled to pursue their claim as a class action on any theory, or that they are entitled to any relief, that allegation is denied.

37.    The class consists of (a) all individuals (b) against whom legal proceedings were filed in Illinois, (b) by Pinnacle Credit Services LLC, (c) in which was filed (d) on or after a date one year prior to the filing of this action, and on or before a date 20 days after the filing of this action, (d) an affidavit executed by a person who is an employee of a company other than Pinnacle Credit Services LLC, (e) stating that the affiant is an "agent" of Pinnacle Credit Services LLC, (f) which did not in its text identify the company employing the affiant.

**ANSWER:**    Pinnacle admits that Plaintiffs purport to define the class as "a) all individuals (b) against whom legal proceedings were filed in Illinois, (b) by Pinnacle Credit Services LLC, (c) in which was filed (d) on or after a date one year prior to the filing of this action, and on or before a date 20 days after the filing of this action, (d) an affidavit executed by a person who is an employee of a company other than Pinnacle Credit Services LLC, (e) stating that the affiant is an "agent" of Pinnacle Credit Services LLC, (f) which did not in its text identify the

company employing the affiant," but to the extent the allegations contained in Paragraph 37 may be construed as alleging that plaintiffs are entitled to pursue their claims as a class action on any theory, or that they are entitled to any relief, those allegations are denied.

38.    The class is so numerous that joinder of all members is not practicable.

**ANSWER:**    Pinnacle denies the allegations set forth in Paragraph 38 of Plaintiff's Complaint.

39.    On information and belief, there are at least 40 individuals against whom legal proceedings were filed, by Pinnacle Credit Services LLC, in which was filed on or after a date one year prior to the filing of this action, and on or before a date 20 days after the filing of this action, an affidavit executed by a person who is an employee of a company other than Pinnacle Credit Services LLC, stating that the affiant is an "agent" of Pinnacle Credit Services LLC, which did not in its text identify the company employing the affiant.

**ANSWER:**    Pinnacle lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 39 of Plaintiff's Complaint and, therefore, denies the same.

40.    There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

**ANSWER:**    Pinnacle denies the allegations set forth in Paragraph 40 of Plaintiff's Complaint.

41.    Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER:**    Paragraph 41 of Plaintiff's Complaint states legal conclusions to which no response from Pinnacle is required.  To the extent a response is required, Pinnacle denies these allegations.

42.    Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

**ANSWER:**    Paragraph 42 of Plaintiff's Complaint states legal conclusions to which no response from Pinnacle is required.  To the extent a response is required, Pinnacle denies these

allegations.

43.     A class action is superior for the fair and efficient adjudication of this matter, in that:

        a.     Individual actions are not economically feasible.

        b.     The entire objective of the debt collection practice at issue is concealment and deception, so that the victims are unlikely to recognize the violation;

        c.     Members of the class are likely to be unaware of their rights;

        d.     Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**ANSWER:**     Paragraph 43 of Plaintiff's Complaint states legal conclusions to which no response from Pinnacle is required.  To the extent a response is required, Pinnacle denies these allegations.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's Complaint fails to state a cause of action for which relief may be granted.

2.     Any violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., if applicable, which Pinnacle denies, was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

3.     Plaintiff's claims are barred by the *Rooker-Feldman* doctrine.  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

4.     Plaintiff's claims are barred by res judicata and claim preclusion.

5.     Plaintiff's claims are barred by the *Colorado River* doctrine.  *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

6.    Pinnacle states that under the Noerr-Pennington doctrine, it is immune from suit under the FDCPA for pursuing state court litigation against Plaintiff. *Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961) and *United Mine Workers v. Pennington*, 381 U.S. 657 (1965) and *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508 (1972).

## PRAYER FOR RELIEF

WHEREFORE, Pinnacle prays as follows:

1.    That Plaintiffs take nothing by this action;

2.    That the Complaint be dismissed in its entirety with prejudice;

3.    That Plaintiffs be denied each and every demand and prayer for relief;

4.    That Pinnacle recover its costs and attorneys' fees in this Proceeding; and

5.    For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Defendant demands a trial by jury.

Dated:  May 13, 2008                          Respectfully submitted,


                                              By:  ___/s/___ Thomas E. Dutton_____
                                                   One of the Attorneys for
                                                   Pinnacle Credit Services, LLC

THOMAS E. DUTTON
MATTHEW S. GRAY
Attorney for Defendants
GREENBERG TRAURIG, LLP
77 W. Wacker, Suite 2500
Chicago, IL  60601
Telephone:  (312) 456-8400
Facsimile:  (312) 456-8435

## <u>CERTIFICATE OF SERVICE</u>

I, Matthew S. Gray, do hereby certify that on May 13, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record below.

> Daniel A. Edelman
> EDELMAN, COMBS, LATTURNER
>     & GOODWIN, L.L.C.
> 120 South LaSalle Street, 18th Floor
> Chicago, IL 60603
> (312) 739-4200
> (312) 419-0379 (FAX)

>     /s/  Thomas E. Dutton